IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN BEAIRD, #14355-179, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-0967-L |
| § | |
| HARLEY G. LAPPIN, et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: Plaintiffs' Motion for Temporary Restraining Order, filed April 27, 2006 (Docket # 17); Plaintiffs' Motion to Certify as a Class, filed April 27, 2006 (Docket # 19); Emergency Motion to Take Judicial Notice and Incorporated Motions for Expedited Processing and Granting of Plaintiffs' Pending Motions and Motion for Imposition of Sanctions for Cause, filed April 27, 2006 by Plaintiff John Beaird (Docket # 20); Motion for Hearing and Rulings on All Pending Motions, filed June 5, 2006 by Plaintiff John Beaird (Docket # 24); Plaintiffs' Joint Motion for Reconsideration and Incorporated Objections to the June 13, 2006 "Order" Issued by U.S. Magistrate Judge, Hon. Wm. F. Sanderson, Jr., filed June 20, 2006 by Plaintiff John Beaird (Docket # 31); Plaintiff's Motion to Dismiss Complaint, filed June 20, 2006 by Richard Schubel (Docket # 32); Plaintiff's Motion to Dismiss Complaint, filed June 20, 2006 by Lynn Mooring (Docket # 37); Plaintiff's Motion to Dismiss Complaint, filed June 20, 2006 by Leroy Henderson (Docket # 38); Plaintiff's Motion to Dismiss Complaint, filed June 22, 2006 by Ismael Vasquez (Docket # 33) and again on June 30, 2006 by Ismael Vasquez (Docket # 43); Plaintiff's Motion to Dismiss Complaint, filed June 22, 2006 by Geary Mack Bailey (Docket # 34); Plaintiff's Motion to Dismiss, filed June

23, 2006 by Warren Wake (Docket # 36); Emergency Motion for Temporary Restraining Order, filed June 29, 2006 (Docket # 40); Plaintiff's Motion to Dismiss Complaint, filed June 30, 2006 by Yasser Rivera (Docket # 44); Plaintiff Rene Galvan's Motion to Dismiss without Prejudice, filed July 3, 2006 (Docket # 45); Plaintiff's Motion to Dismiss Complaint, filed July 12, 2006 by Jesus J. Garza (Docket # 48); and Motion for Declaratory Judgment, filed July 18, 2006 by Plaintiff John Beaird (Docket # 49). Also before the court are motions to proceed *in forma pauperis* filed by each Plaintiff on April 27, 2006 (Docket #3 through Docket #16). Having considered the motions, record and applicable law, and for the reasons set forth below, the court determines that this action should be dismissed without prejudice, that all motions should be denied without prejudice, and that each Plaintiff must pursue his own civil action.

## I.   Factual and Procedural Background

Plaintiffs are fifteen (15) inmates confined at the Federal Corrections Institution in Seagoville, Texas ("FCI-Seagoville").[1] Proceeding *pro se*, Plaintiffs jointly filed this civil action, along with a motion for temporary restraining order and a motion for class certification on April 27, 2006 in the United States District Court for the District of Columbia.[2] Plaintiffs also each filed a motion to proceed *in forma pauperis*. Plaintiffs allege, *inter alia*, that the conditions of confinement at FCI-Seagoville violate their constitutional rights, and have brought claims against the United States of America, numerous corrections officers, and others (collectively, "Defendants"), pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as

---

[1] Fourteen plaintiffs filed the original complaint. By order dated June 13, 2006, the magistrate judge granted Rene Galvan's motion to intervene. Accordingly, this case now has fifteen (15) plaintiffs.

[2] Although the complaint bears a stamp showing that it was received by the U.S. District Court for the District of Columbia on March 23, 2006, it was not docketed until April 27, 2006.

**Memorandum Opinion and Order – Page 2**

well as under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* ("FTCA").[3] Plaintiffs seek monetary, injunctive and declaratory relief. Determining that venue was improper under the FTCA in the District of Columbia, on May 31, 2006, the district court transferred this case to the Northern District of Texas, where it was assigned Civil Action No. 3:06-CV-0967-L.

Pursuant to 28 U.S.C. §636(b), and a standing order of the court in implementation thereof, this action was referred to the United States magistrate judge for judicial screening and for proposed findings and recommendation. On June 13, 2006, the magistrate judge issued an order finding that:

> [T]he complaints of the individual Plaintiffs should be severed into separate causes as to each Plaintiff because of concerns regarding the possibility of inmate transfer, security, and the need for each Plaintiff to represent himself with regard to his claims alleged in this case. *See Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (holding that Prison Litigation Reform Act (PLRA) did not permit group of prisoners bringing in forma pauperis § 1983 action against corrections officials to join claims and thereby divide a single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of same transaction or occurrence and involved common question of law; finding that PLRA required separate action and payment of full filing fee by each prisoner.)

*See* June 13, 2006 Order at 1-2 (footnote omitted). Based on these findings, the magistrate judge denied without prejudice to being reasserted after judicial screening Plaintiffs' Motion for Temporary Restraining Order (Docket # 17) and Plaintiffs' Motion to Certify as a Class (Docket # 19). *Id.* at 3-4. He further ordered each Plaintiff: (i) to file a voluntary motion to dismiss within twenty (20) days of the date of his order, or be assessed a $350 filing fee; and (ii) to file within twenty (20) days of his order, a sworn amended complaint (not exceeding ten pages) "setting forth

---

[3]Specifically, in a 130-page complaint signed by each Plaintiff, Plaintiffs complain of allegedly unconstitutional conditions of their confinement in the main FCI-Seagoville Compound and Camp, including massive overcrowding, ventilation, and plumbing, and inadequate medical and dental care.

**Memorandum Opinion and Order – Page 3**

how he was personally affected by the conditions of confinement at FCI-Seagoville, whether he endured any physical injuries . . . and explaining the personal involvement, if any, of each of the named Defendants." *Id.* at 2-3.[4] The magistrate judge also ordered each Plaintiff to inform the court as to whether he had exhausted the Bureau of Prisons' grievance procedures and administrative remedies under the FTCA.  Finally, he granted a motion to intervene filed by Rene Galvan.

Following the magistrate judge's June 13, 2006 order requiring each Plaintiff to file a voluntary motion to dismiss or be assessed a $350 filing fee, Plaintiffs Richard Schubel, Lynn Mooring, Leroy Henderson, Ismael Vasquez, Geary Mack Bailey, Bobby Joe Burton, Jr., Warren Wake, Yasser Rivera, Rene Galvan and Jesus J. Garza filed voluntary motions to dismiss without prejudice.  In addition, two Plaintiffs, Jaime Carvajal and Jed Stewart Lineberry, filed Memoranda in Support of Sworn Amended Complaint.

On June 20, 2006, Plaintiff John Beaird filed Plaintiffs' Joint Motion for Reconsideration and Incorporated Objections to the June 13, 2006 "Order" Issued by U.S. Magistrate Judge, Hon. Wm. F. Sanderson, Jr.  Although styled as a joint motion, only Plaintiff John Beaird has signed the motion.

## II.     The Scope of the Magistrate Judge's June 13, 2006 Order

Before addressing the pending motions in this multiple-prisoner litigation, the court *sua sponte* takes up the issue of the scope of the magistrate judge's June 13, 2006 order.  Title 28 U.S.C. § 636(b)(1)(A) provides in relevant part:

---

[4]The magistrate judge also ordered that no motion for appointment of counsel shall be filed until the court completes its initial screening, effectively denying Motion to Appoint Interim Counsel Pending Class Certification (Docket # 18).  Further, he stayed all discovery and withheld service of process pending judicial screening.

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except* a motion for injunctive relief . . . to dismiss or to permit maintenance of a class action . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A) (emphasis added). As to these excepted motions, the judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition by the judge of the district court. *See id.* § 636(b)(1)(B). In this case, the magistrate judge issued an order denying, *inter alia*, Plaintiffs' Motion for Temporary Restraining Order, filed April 27, 2006 (Docket # 17) and denying Plaintiffs' Motion to Certify as a Class, filed April 27, 2006 (Docket # 19). *See* June 13, 2005 Order at 3-4. The court is not certain of the basis for the magistrate judge's decision to rule on these motions, in lieu of submitting proposed findings of fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B). Judicial screening of prisoner litigation by a magistrate judge does not alter the statutory powers of the magistrate judge as set forth in 28 U.S.C. § 636(b)(1)(A) and (B). The court determines *sua sponte* that the magistrate judge should have made findings and recommendations to Plaintiffs' Motion for Temporary Restraining Order (Docket # 17) and Plaintiffs' Motion to Certify as a Class. *See* June 13, 2005 Order at 3-4. Moreover, the court determines that the magistrate judge's order is incorrect, insofar as he orders each Plaintiff to file a voluntary motion to dismiss within twenty (20) days of the date of his order or be assessed a $350 filing fee, should also be vacated. Although the fee for a prisoner filing a civil case was increased from $250 to $350 on April 9, 2006 pursuant to the Deficit Reduction Act of 2005[5], Plaintiffs' complaint was received by the federal district court for the District of Columbia on March 23, 2006, prior to the filing fee increase. The magistrate judge

---

[5]*See* Deficit Reduction Act of 2005, Pub. L. No. 109-171, at pg. 183; 28 U.S.C. § 1914(a).

**Memorandum Opinion and Order – Page 5**

applied the proper fee in light of the actual filing date of April 27, 2006; however, the court determines that the filing was delayed through no fault of Plaintiffs, and it would be unfair to assess them the increased filing fee. The filing fee therefore should be $250. For the reasons stated, the court **vacates** the magistrate judge's June 13, 2006 order, except insofar as he granted Rene Galvan's motion to intervene.

### III.   Plaintiffs' Complaint and Pending Motions

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. *See* 28 U.S.C. § 1915(b) (West Supp. 2000). The circuit courts that have squarely addressed the issue have concluded that prisoner-plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). The Seventh and Eleventh Circuits disagree, however, as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard*, 262 F.3d at 1198 (each prisoner must bring separate suit since latter-enacted statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with and repeals earlier-enacted permissive joinder rules of Fed. R. Civ. P. 20) *with Bouribone*, 391 F.3d at 854-56 (multiple prisoner-plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). The Fifth Circuit has not addressed this issue.

Whether there is an inherent conflict between the latter-enacted § 1915(b) of the PLRA which requires that each plaintiff pay the full filing fee and the earlier-enacted permissive joinder rules set forth in Fed. R. Civ. P. Rule 20, the court need not decide. Having reviewed the 130-page complaint, along with the numerous affidavits filed by a few Plaintiffs and several non-parties, the

court agrees with numerous other district courts confronted with multiple plaintiff-prisoner claims following enactment of the PLRA, and determines that the impracticalities and inherent difficulties of allowing Plaintiffs to proceed jointly necessitate a severance of each Plaintiff's claims. *See, e.g., Bowes v. Alder*, 2006 WL 1626834 (N.D. Ga. June 5, 2006); *Swenson v. Macdonald*, 2006 WL 240233 (D. Mont. Jan. 30, 2006); *Boyd v. Scherrer*, 2006 WL 1704471 (D.N.J. June 16, 2006); *Naasz v. Dretke*, 2005 WL 1249439 (N.D. Tex. May 26, 2005). These impracticalities include, without limitation, inmate transfers, security, the need for each individual Plaintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation. *See id.* Further, having carefully reviewed the complaint, it is impossible for the court to discern how the alleged conditions of confinement affected each Plaintiff.

Accordingly, the court will dismiss the instant action without prejudice, deny all pending motions without prejudice, and direct the clerk of court to open new civil actions for each of the named Plaintiffs. Each Plaintiff shall be required to file a separate complaint asserting his individual claims and to pay a $250 filing fee or submit separate requests to proceed *in forma pauperis*.

## IV. Conclusion

For the reasons set forth herein, this case is **dismissed without prejudice**.[6] In light of the dismissal of this case, all pending motions are moot and therefore **denied without prejudice**. The

---

[6]The court notes that one alternative is to maintain this action as to lead Plaintiff John Beaird and dismiss the case as to all remaining Plaintiffs. Having reviewed the dispositions in the above-cited cases, the court determines that, following enactment of the PLRA, the majority of courts confronted with this situation dismisses the multiple prisoner-plaintiff case *in toto*. *See, e.g., Hubbard*, 262 F.3d at 1198 (affirming district court's dismissal of entire case as consistent with PLRA).

**Memorandum Opinion and Order – Page 7**

clerk of court is further **directed** to **open** new civil actions on behalf of each Plaintiff named in this action. Each Plaintiff shall file a separate complaint asserting his individual claims. Each Plaintiff shall have **thirty (30) days** from the entry of this order to file his separate complaint in his individual civil action. Each Plaintiff is advised that failure to comply with this order may result in his action being dismissed.

It is further ordered that each Plaintiff shall individually be responsible for a **$250 filing fee**. As set forth above, although the fee for a prisoner filing a civil case was increased from $250 to $350 on April 9, 2006 pursuant to the Deficit Reduction Act of 2005, because of the unique circumstances presented in this case, the court determines that the filing fee for each Plaintiff seeking to pursue his separate civil action should be $250, the fee in place on March 23, 2006, when the federal district court for the District of Columbia received Plaintiffs' original complaint. Though that court did not file the complaint until April 27, 2006, this delay was through no fault of Plaintiffs, and therefore it would be patently unfair to assess them the increased filing fee. Moreover, Congress could not have intended to play "gotcha" in such a situation not created by the party filing the lawsuit. In short, principles of fairness require that the $250 filing fee in place prior to April 9, 2006 shall be applied to any "new" complaint filed as a result of this order, as the genesis of each "new" case, in reality, preceded the increase. In the event a Plaintiff seeks to proceed *in forma pauperis*, he must submit a completed financial affidavit and authorization form. Each Plaintiff shall have **thirty (30) days** from the entry of this order either to pay the $250 filing fee or to submit the required affidavit in support of a request for leave to proceed *in forma pauperis*. Each Plaintiff is advised that failure to comply with this order may result in his action being dismissed.

**Memorandum Opinion and Order – Page 8**

The clerk of court is further **directed** to send each Plaintiff named in this action a financial affidavit, a copy of this order, and information identifying his new individual civil action.

**It is so ordered** this 24th day of July, 2006.

                                                    Sam A. Lindsay
                                                    United States District Judge